IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMIE S. OSBORN AND TARA L. OSBORN, | § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | CIVIL ACTION NO. 1:25-cv-00295-ADA |
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, | § § § | |
| *Defendant.* | § § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jamie S. Osborn and Tara L. Osborn, ("Plaintiffs"), and file *Plaintiffs' First Amended Complaint*, complaining of Liberty Mutual Personal Insurance Company ("Liberty Mutual") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### PARTIES

1.    Plaintiff, Jamie S. Osborn, resides in Travis County, Texas.

2.    Plaintiff, Tara L. Osborn, resides in Travis County, Texas.

3.    Defendant, Liberty Mutual Personal Insurance Company, is an insurance company engaged in the business of insurance in the State of Texas.  Liberty Mutual is properly before this Court.

### JURISDICTION AND VENUE

4.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and

costs.

5.      Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and/or a substantial part of property that is the subject of the action is situated here.

6.      This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Texas and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Texas based entities and consumers.

**NOTICE AND CONDITIONS PRECEDENT**

7.      Plaintiff has provided Texas statutory notice of the claim to Defendant in this Petition and said notice was provided to Defendant more than sixty days prior to this Petition being filed.

8.      All conditions precedent necessary to maintain a claim under the insurance policy in question has been performed, occurred, or have been waived by Defendant.

**FACTS**

9.      Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

10.     Plaintiffs own a Liberty Mutual Personal Insurance Company insurance policy, number H3V-291-477913-70 4 1 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 506 Tartan Street, Austin, Texas 78734 ("the Property").

11.     Liberty Mutual Personal Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs.   Liberty Mutual Personal Insurance Company represented to Plaintiffs that the Policy included hail and windstorm. During the policy period from April

01, 2024 to April 01, 2025, the Property sustained extensive damage resulting from a severe storm that passed through the Travis County, Texas area. Liberty Mutual assigned a date of loss of April 1, 2024, to Plaintiffs' claim.

12. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Liberty Mutual against the Policy for damage to the Property. Liberty Mutual assigned claim number 056497057-01 to Plaintiffs' claim.

13. Plaintiffs asked Liberty Mutual to cover the cost of damage to the Property pursuant to the Policy.

14. Liberty Mutual hired or assigned its agent, Michael Moore, to inspect and adjust the claim. Moore conducted an inspection on or about April 6, 2024, according to the information contained in his estimate. Moore's findings generated an estimate of damages totaling $7,064.84. After application of depreciation and the $4,559.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

15. Liberty Mutual, through its agent, Moore, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. Liberty Mutual and Moore have ultimately refused full coverage which includes, but is not limited to, replacement of the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The third-party inspector hired to review the damage to the Property found additional storm damage that was completely absent from Moore's estimate.

17. The damage to Plaintiffs' Property is currently estimated in excess of $153,271.98 or the amount found by Plaintiffs' testifying expert on damages.

18.     Moore had a vested interest in undervaluing the claims assigned to him by Liberty Mutual in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Moore.  Defendant wrongly tried to represent that the damages to the property were uncovered cosmetic damages, when they were not.

19.     Furthermore, Moore was aware of Plaintiffs' deductible prior to inspecting the Property. Moore had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20.     Moore misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage. Moore made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21.     After reviewing Plaintiffs' Policy, Moore misrepresented that the damage was caused by non-covered perils. Moore used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

22.     As stated above, Liberty Mutual and Moore improperly and unreasonably adjusted Plaintiffs' claim.  Without limitation, Liberty Mutual and Moore misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

23.     Liberty Mutual and Moore made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Liberty Mutual and Moore made these false representations with the intent that Plaintiffs act in

accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Moore.

24. Plaintiffs relied on Liberty Mutual's and Moore's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

25. Upon receipt of the inspection and estimate reports from Moore, Liberty Mutual failed to assess the claim thoroughly.  Based upon Moore's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Liberty Mutual failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

26. Because Liberty Mutual and Moore failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiffs' Property.

27. Furthermore, Liberty Mutual and Moore failed to perform their contractual duties to Plaintiffs under the terms of the Policy.  Specifically, Moore performed an unreasonable and substandard inspection that allowed Liberty Mutual to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

28. Liberty Mutual's and Moore's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

29.     Liberty Mutual's and Moore's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a) (1).   Liberty Mutual and Moore have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Liberty Mutual and Moore have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

30.     Liberty Mutual's and Moore's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a) (2) (A).   Liberty Mutual and Moore failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

31.     Additionally, after Liberty Mutual received statutory demand on or about November 11, 2024, Liberty Mutual has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

32.     Liberty Mutual's and Moore's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a) (4).   Moore performed a biased and intentionally substandard inspection designed to allow Liberty Mutual to refuse to provide full coverage to Plaintiffs under the Policy.

33.     Specifically, Liberty Mutual and Moore performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

34.     Liberty Mutual's and Moore's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.055.   Due to Moore subpar inspection,

Liberty Mutual failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

35.    Liberty Mutual's and Moore's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Moore's intentional undervaluation of Plaintiffs' claims, Liberty Mutual failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Moore's understatement of the damage to the Property caused Liberty Mutual to delay full payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received rightful payment for Plaintiffs' claim.

36.    Liberty Mutual's and Moore's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

**CAUSES OF ACTION AGAINST DEFENDANT**
**LIBERTY MUTUAL PERSONAL INSURANCE COMPANY**

37.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

**BREACH OF CONTRACT**

38.    Liberty Mutual is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Liberty Mutual and Plaintiffs.

39.    Liberty Mutual's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Liberty Mutual's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

40.   Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

41.   Liberty Mutual's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

42.   Liberty Mutual's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Liberty Mutual's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

43.   Liberty Mutual's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

44.   Liberty Mutual's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45.   Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code,

Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

46.   Liberty Mutual's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.   Liberty Mutual's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48.   Liberty Mutual's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Liberty Mutual knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49.   Liberty Mutual's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Liberty Mutual pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bring this cause of action against Liberty Mutual. Specifically, Liberty Mutual's violations of the DTPA include, without limitation, the following matters:

   A.   By its acts, omissions, failures, and conduct, Liberty Mutual have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Liberty Mutual's violations include, (1) unreasonable delays in the investigation, adjustment, and

resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.  Liberty Mutual represented to Plaintiffs that the Policy and Liberty Mutual's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.  Liberty Mutual represented to Plaintiffs that Liberty Mutual's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Liberty Mutual advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Liberty Mutual breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  Liberty Mutual's actions are unconscionable in that Liberty Mutual took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Liberty Mutual's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.  Liberty Mutual's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Liberty Mutual is a producing cause of Plaintiffs' damages. All of Liberty Mutual's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### KNOWLEDGE

51. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

### WAIVER AND ESTOPPEL

52. Defendant waived and is estoped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

### DAMAGES

53. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

54. Plaintiffs currently estimate that actual damages to the Property under the Policy are in excess of $153,271.98 or the amount found by Plaintiffs' testifying expert on damages.

55. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any

investigative and engineering fees incurred.

56.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

57.    For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

58.    For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Liberty Mutual owed, exemplary damages, and damages for emotional distress.

60.    Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others

from committing similar acts in the future.

61.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62.    Plaintiffs hereby requests a jury trial for all causes of action alleged herein.

## PRAYER

Plaintiffs pray that Defendant, Liberty Mutual Personal Insurance Company, be cited and served to appear and that upon trial hereof, Jamie S. Osborn and Tara L. Osborn, recovers from Defendant, Liberty Mutual Personal Insurance Company such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

Respectfully submitted,

By: /s/ *Jay Scott Simon*

Chad T. Wilson
Bar No. 24079587
Jay Scott Simon
Bar No. 24008040
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (713) 222-6000
cwilson@cwilsonlaw.com
jsimon@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of *Plaintiffs' First Amended Complaint* has been forwarded to counsel of record via Certified U.S. Mail, facsimile, hand delivery, or electronic service on this day, June 16, 2025.

HANNA & PLAUT, L.L.P.

Catherine L. Hanna
channa@hannaplaut.com
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512)472-7700
Facsimile: (512) 472-0205

ATTORNEYS FOR DEFENDANT

/s/ *Jay Scott Simon*